IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02453-GPG-STV

OLUWANISOLA ABOLAJI,

     Plaintiff(s),

v.

IMPACT SPORTS PERFORMANCE LLC,
THE TOWN OF SUPERIOR, a Colorado municipality,
TONY SDAO,
LUKE TAYLOR,
RYLAN REED,
DEREK ROBINSON,
CHAD JACOBSEN,
MICHAEL PERRY,
NISOLA-ROUGHRIDERS FUTBOL ACADEMY, d/b/a NFA Riders, d/b/a Roughriders Sports
     Club, LLC, d/b/a Superior RoughRiders, LLC, d/b/a Roughriders Soccer – Colorado,
     LLC, d/b/a Colorado RoughRiders, LLC, d/b/a RoughRiders Properties, LLC, d/b/a
     Roughrider Holdings LLC,

     Defendant(s).

---

## SCHEDULING ORDER[1]

---

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

---

[1] Mr. Abolaji informed defense counsel by email on the afternoon of February 14, 2024 that he filed his own proposed scheduling order earlier in the day.  The four Defendant groups previously indicated during the Rule 26(f) conference they would work to provide their respective positions on discovery matters and then incorporate Mr. Abolaji's positions into the document as well. Nonetheless, Mr. Abolaji filed his own proposed scheduling order, making representation about factual stipulations and dates for discovery, that are not agreed upon by the Defendants.  If ordered, by the Court, Defendants will continue to work with Mr. Abolaji to craft a single proposed scheduling order in advance of the February 21, 2024 Scheduling Conference.

A scheduling conference in this case was held in Courtroom A-402 at the Alfred A. Arraj Courthouse in Denver, Colorado on February 21, 2024, at 10:30 a.m. before Magistrate Judge Scott T. Varholak. Present at the Scheduling Conference were the following:

Counsel for Plaintiff: N/A – *Pro Se* Plaintiff

Counsel for Defendants Impact Sports Performance LLC ("**Impact**"), Nisola-RoughRiders Futbol Academy, LLC ("**RoughRiders**"), d/b/a NFA Riders, d/b/a RoughRiders Sports Club, LLC, d/b/a Superior RoughRiders, LLC, d/b/a RoughRiders Soccer – Colorado, LLC d/b/a Colorado RoughRiders, LLC, d/b/a RoughRiders Properties, LLC, d/b/a RoughRiders Holdings, LLC, Tony Sdao ("**Sdao**"), individually, Michael Perry ("**Perry**"), individually, and Derek Robinson ("**Robinson**"), individually:

> David J. Goldfarb
> Kathleen T. Alt
> Geoffrey C. Klingsporn
> Mishal Ayaz
> BERG HILL GREENLEAF RUSCITTI, LLP
> 1712 Pearl Street
> Boulder, CO 80302
> Telephone: (303) 402-1600
> Fax: (303) 402-1601
> E-mail: djg@bhgrlaw.com; kta@bhgrlaw.com;
> geoffrey.klingsport@bhgrlaw.com; mishal.ayaz@bhgrlaw.com

Counsel for Defendant The Town of Superior ("**Town of Superior**"):

> Michael Charles Wathen
> Ray Lego & Associates
> 10825 East Geddes Ave., Ste. 100
> Centennial, CO 80112
> Telephone: (720) 963-7032
> Fax: (720) 963-7001
> E-mail: mwathen@travelers.com

Counsel for Defendants Rylan Reed ("**Reed**") and Chad Jacobsen ("**Jacobsen**"):

    Michael W. Schreiner
    Douglas A. Stevens
    Anne L. Stuller
    CAPLAN AND EARNEST LLC
    3107 Iris Ave, Ste 100
    Boulder, CO 80301
    Telephone: (303) 443-8010
    E-mail: mschreiner@celaw.com; dsteven@celaw.com; astuller@celaw.com

Counsel for Defendant Luke Taylor ("**Taylor**"):

    Pascale Henn
    BUSINESS LAW ADVISORS LLC
    8700 Monrovia #310
    Lenexa, KS 66215
    Telephone: (913) 647-7522
    E-mail: phenn@phbusinesslaw.com

    Heather Voegele, Esq.
    Voegel Anson Law, LLC
    3516 N. 163rd Plaza
    Omaha, NE 68116
    Email: hovegele@v-law.com

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 2000e, et seq. Plaintiff alleges jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also alleges jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988. Finally, Plaintiff alleges jurisdiction over Plaintiff's pendant state law claims is proper under 28 U.S.C. § 1367(a) because Plaintiff's claims arise from a common nucleus of operative fact.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff:</u>

See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

b. <u>Defendants Impact, RoughRiders, Sdao, Perry, and Robinson:</u>

Defendants Impact, RoughRiders, Sdao, Perry and Robinson deny the substantive allegations in Mr. Abolaji's "2nd Amended Complaint." Defendants Impact, RoughRiders, Sdao, Perry and Robinson will file a Motion to Dismiss, which will seek dismissal of Mr. Abolaji's various "Colorado Anti-Discrimination Act, Section 1981 and Title VII" claims as well as the "Americans with Disabilities Act" claims for, among other reasons, failure to exhaust administrative remedies. Additionally, Defendants Sdao, Perry and Robinson will seek dismissal of Mr. Abolaji's "breach of contract, breach of fiduciary duty, and fraudulent inducement of employment claims for, among other reasons, failure to state a claim upon which relief can be granted. Importantly, Defendants Sdao, Perry and Robinson never entered into any contractual agreements or employment relationships with Plaintiff Abolaji in their personal capacity, nor do Defendants Sdao, Perry or Robinson personally owe Plaintiff Abolaji any fiduciary duties.

Any remaining claims of discrimination can also be summarily dismissed as lacking any merit. Importantly, throughout the relevant time period, Defendants Impact, RoughRiders, Sdao, Perry and Robinson went above and beyond to address Mr. Abolaji's numerous complaints, including, *inter alia*, engaging an outside investigator to conduct an internal investigation into Mr. Abolaji's complaints. Despite Defendants' diligent efforts, Mr. Abolaji's conduct became increasingly hostile, including, among other things, threats of violence against Defendant Sdao's family. Ultimately, Plaintiff has not and cannot establish a meritorious and actionable claim against

Defendants Impact, RoughRiders, Sdao, Perry or Robinson.

    c.   <u>Defendant Superior:</u>

Town of Superior disputes Plaintiff's claims and allegations against it which are without merit. Town of Superior will file a Motion to Dismiss pursuant to CRCP 12(b)(6) because the 2nd Amended Complaint fails to state a claim upon which relief can be granted. Town of Superior will seek its attorney fees and costs.

    d.   <u>Defendants Reed and Jacobsen:</u>

Defendants Rylan Reed and Chad Jacobsen deny the substantive allegations in Mr. Abolaji's Second Amended Complaint. Mr. Abolaji brings claims against Reed and Jacobsen under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Colorado Anti-Discrimination Act. Mr. Abolaji also brings a "fraud, breach of contract, breach of fiduciary duty, and fraudulent inducement of employment" claim against Reed. Mr. Abolaji's claims are meritless. Reed and Jacobsen will move to dismiss each of Mr. Abolaji's claims because, among other reasons, Mr. Abolaji did not exhaust his administrative remedies and failed to state a claim upon which relief can be granted.

    e.   <u>Defendant Taylor:</u>

Defendant, Luke Taylor, denies the claim and allegations asserted by Mr. Abolaji against him as the same or without merit. Mr. Taylor will be filing a Motion to Dismiss pursuant to CRCP 12(b)(6) or in the Alternative, To Make More Definite and Certain. Mr. Taylor will seek recover of his attorney's fees and costs expended in this matter.

## 4. UNDISPUTED FACTS

The parties are unable to stipulate any facts at this time.

## 5. COMPUTATION OF DAMAGES

See Plaintiff's separate proposed scheduling order, filed February 14, 2024, for his computation of his alleged damages.

Defendants do not seek to recover damages at this time, but reserve the right to request attorney fees and costs to which they may be entitled.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. February 5, 2024, by Zoom video conference.

b. Names of each participant and party he/she represented. Plaintiff participated in the Rule 26(f) meeting on his own behalf.  David Goldfarb represented Impact, the RoughRiders, Sdao, Perry, and Robinson.  Michael Wathen represented the Town of Superior.  Annie Stuller represented Reed and Jacobson.  Pascale Henn represented Taylor.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

- Plaintiff's Position: See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- Defendants Position: 14-days after Court rules on Defendants' Motions to Dismiss.[2]

d. Proposed changes, if any, in timing or requirement of disclosure under Fed. R. Civ. P. 26(a)(1). Defendants will seek a stay of discovery pending resolution of Defendants' forthcoming Motions to Dismiss. A motion to this effect will be filed on or before February 20, 2024, and will accompany Defendants Impact, RoughRiders, Sdao, and Robinson's

---

[2] The Defendants will be filing a "Joint Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss" on or before February 20, 2024.

Motion to Dismiss.

e. <u>Statement concerning any agreements to conduct informal discovery.</u> None.

f. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system.</u> Defendants will utilize a unified exhibit numbering system. Defendants further anticipate filing a motion for protective order.

g. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.</u> The Defendants anticipate that there may be discovery of electronically stored information such as cell phone data, e-mails, and social media posts, if any. The parties will work together to facilitate the discovery of such information and to produce it in the best format.

h. <u>Statement summarizing the parties discussions regarding the possibilities for promptly settling or resolving the case.</u> Plaintiff has made preliminary settlement offers to the Defendants. The Defendants believe discovery is necessary prior to engaging Plaintiff in substantive settlement discussions.

## 7. CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.</u>

- Plaintiff's Position:   See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- Defendants' Position: Each side[3] shall be limited to ten (10) depositions, exclusive of experts.

b.  <u>Limitations which any party proposes to the length of depositions.</u>

- Plaintiff's Position:   See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- Defendants' Position: All party depositions shall: (a) be limited to 7-hours of on-record time for individual parties – e.g., Plaintiff, Sdao, Jacobson, etc. and (b) all entity depositions – e.g. Impact, RoughRiders, the Town of Superior – shall be limited to 4-hours of on-record time. All retained expert depositions shall be limited to 7-hours of on-record time. All other depositions shall be limited to 4-hours of on-record time. Reed and Jacobsen shall have the option of conducting three (3) additional depositions.

c.  <u>Limitations which any party proposes on the number of requests for production and/or requests for admission.</u>

- Plaintiff's Position: See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- Defendants' Position: Plaintiff shall be limited to fifty (50) interrogatories, fifty (50) requests for production, and fifty (50) requests for admission. Defendants shall be limited to a collective total of thirty (30) interrogatories, thirty (30) requests for

---

[3] Plaintiff constitutes one "side" while all Defendants collectively make up the other "side".

production, and thirty (30) requests for admission. Except that Town of Superior shall have (25) interrogatories, (25) requests for production, and thirty (30) requests for admission. Reed and Jacobsen shall have (25) interrogatories, (25) requests for production, and thirty (30) requests for admission.

d. <u>Deadline to serve Interrogatories, Requests for Production of Documents and/or Admissions.</u> 45 days before the close of fact discovery.

e. <u>Other Planning or Discovery Orders.</u> As noted previously, the Defendants will file a "Joint Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss" on or before February 20, 2024. Additionally, as noted at the outset, there are two (2) filings of the Scheduling Order, as the parties could not reach agreement on a single form during the February 5, 2024, Rule 26(f) meeting.

<h3 style="text-align:center">9. CASE PLAN AND SCHEDULE</h3>

a. <u>Deadline for Joinder of Parties and Amendment of Pleadings:</u> 45 days prior to the close of discovery.

b. <u>Discovery Cut-off:</u> October 18, 2024.

c. <u>Dispositive Motion Deadline:</u> November 22, 2024.

d. <u>Expert Witness Disclosure:</u>

1. <u>The parties shall identify anticipated fields of expert testimony, if any.</u> Defendants Impact, RoughRiders, Sdao, Perry and Robinson anticipate the need for: (i) a medical expert in the field of psychology/psychiatry; (ii) an expert in the field of economics; and (iii) human resource standards. Defendants Town of Superior, Reed, and Jacobsen anticipate experts in the same or similar fields as Plaintiff and

co-defendants, and parks and recreation management.

2. <u>Limitations which the parties propose on the use or number of expert witnesses.</u>

- <u>Plaintiff's Position:</u> See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- <u>Defendants' Position:</u> Four per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

- <u>Plaintiff's Position:</u> See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- <u>Defendants' Position:</u> June 28, 2024.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

- <u>Plaintiff's Position:</u> See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

- <u>Defendants' Position:</u> August  2, 2024.

e. Identification of Persons to be Deposed:

<u>Plaintiff:</u> See Plaintiff's separate proposed scheduling order, filed February 14, 2024.

Defendants:[4]

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff | 7 hours |
| Plaintiff's expert(s) | TBD |
| Any witness called by Plaintiff or disclosed by Plaintiff in Plaintiff's disclosures. | TBD |
| Any additional fact or scene witness identified in discovery. | TBD |

## 10. DATES FOR FUTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on _____ at _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. Anticipated length of trial and whether trial is to the court or jury.  Defendants anticipate a five day jury trial.

b. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal

---

[4] Without Plaintiff's disclosure of witnesses who have knowledge of the allegations in his operative complaint, it is difficult to identify deponents at this time.

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S.

Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150,

Durango, Colorado 81301. None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's

client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2024.

BY THE COURT:

_____

Scott T. Varholak
United States Magistrate Judge

APPROVED:

/s/ David J. Goldfarb                                    /s/ Michael C. Wathen

_____          _____
David J. Goldfarb, Esq.                                  Michael C. Wathen, Esq.
Kathleen T. Alt, Esq.                                    Ray Lego & Associates
Geoffrey C. Klingsporn, Esq.                             10825 E. Geddes Ave., Suite 100
Mishal Ayaz, Esq.                                        Centennial, CO 80112
Berg Hill Greenleaf Ruscitti LLP                         Email: mwathen@travelers.com
1712 Pearl Street                                        *Attorneys for Town of Superior*
Boulder, CO 80302
Email: djg@bhgrlaw.com kta@bhgrlaw.com;
geoffrey.klingsporn@bhgrlaw.com;
mishal.ayaz@bhgrlaw.com
Attorneys for Defendants for Impact Sports
Performance, LLC, Nisola-RoughRiders Futbol
Academy, LLC, d/b/a NFA Riders, d/b/a
RoughRiders Sports Club, LLC, d/b/a Superior
RoughRiders, LLC, d/b/a RoughRiders Soccer-
Colorado, LLC, d/b/a Colorado RoughRiders, LLC,
d/b/a RoughRiders Properties, LLC, d/b/a
RoughRider Holdings, LLC, Tony Sdao,
individually, Michael Perry, individually, and Derek
Robinson, individually

/s/ Heather Voegele                                      /s/ Anne L. Stuller

_____          _____
Heather Voegele Anson, Esq.                              Michael W. Schreiner, Esq.
Voegel Anson Law, LLC                                    Anne L. Stuller, Esq.
3516 N. 163rd Plaza                                      Douglas A. Stevens, Esq.
Omaha, NE 68116                                          Caplan and Earnest LLC
Email: hovegele@v-law.com                                3107 Iris Ave., Suite 100
                                                         Boulder, CO 80301
Pascale Henn, Esq.                                       Email: mschreiner@celaw.com
Business Law Advisors LLC                                Email: astuller@celaw.com
8700 Monrovia #310                                       Email: dsteven@celaw.com
Lenexa, KS 66215                                         *Attorneys for Rylan Reed and Chad Jacobsen*
Email: phenn@phbusinesslaw.com
*Attorneys for Luke Taylor*