FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
03/22/2024
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO**

**Case No. 1:23-cv-02453-SBP**

**Oluwanisola Abolaji**

**Plaintiff, v.**

**Impact Sports Performance LLC, The Town of Superior, a Colorado municipality, and Tony Sdao (herein as Tony), Luke Taylor (herein as Luke), Rylan Reed (herein as Rylan) , Derek Robinson (herein as Derek) , Chad Jacobsen (herein as Chad) , Micheal Perry (herein as Mperry) ,**

**Nisola-Roughriders Futbol Academy,**
**d/b/a NFA Riders,**
**d/b/a Roughriders Sports Club, LLC,**
**d/b/a Superior RoughRiders, LLC,**
**d/b/a Roughriders Soccer – Colorado, LLC, d/b/a Colorado RoughRiders, LLC,**

**d/b/a RoughRiders Properties, LLC,**
**Roughrider Holdings, LLC,**
**Physical Address: 1 Superior Dr., Superior, CO 80027, Defendants.**
**Registered Agent: Berg Hill Greenlead Ruscitti LLP 1712 Pearl Street, Boulder, CO 80302**

**Defendant.**

---

**PLAINTIFFS' RESPONSE TO NRFA DEFENDANTS' MOTION TO DISMISS**

---

The Plaintiff, Oluwanisola, submits this Response to the Defendant's motion to dismiss. This is a case involving an egregious series of errors committed by the Defendants that undeniably caused the Plaintiffs to suffer clearly avoidable damages. Despite their errors, the Defendant asks this Court to dismiss the Plaintiffs' Complaint outright without even affording them so much as an opportunity to provide evidence, ask pertinent questions and uncover basic facts. Plaintiff has provided fair notice of his claims based on allegations that allow the Court to determine that legal liability is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Taking all well-pleaded facts as true, and drawing all inferences in favor of the plaintiff, as is required at this stage, *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014), this Court should deny Defendant's motion to dismiss and permit Mr. Abolaji to proceed with his claims.

**Argument**

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept as true all of the factual allegations contained in the complaint and draw all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014). Moreover, "a complaint survives a motion to dismiss even if there are two alternative explanations, one advanced by the defendant and the other advanced by the plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Even if the defendant believes that its version will prove to be the true one . . . that does not relieve defendants of its obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery.

**FACTS**

Plaintiff has addressed the merits at length as shown in the factual allegations of his 2nd amended complaints,  also submitted via USB and by email Exhibits 1-28. Specifically it shows, (A) Plaintiff had an contractual 49% ownership and employment agreement of $100,000 salary annually with defendants and on October 26, 2020 Mr. Jacobsen discriminated against Mr. Abolaji; (B) On October 29, 2020 Mr. Abolaji was threatened by a Roughrider baseball coach; (C) On December 27 and 29th, Mr. Abolaji filed a complaint to Mr. Reed, Mr. Sdao, Mr. Perry and Mr. Robinson regarding October 26, and 29th incidents; (D) Mr. Abolaji stated the actions taken against him during the summer of 2020 at williams field, on October 26 and 29th were racially motivated (E) In email Mr. Abolaji requested to speak with HR. (F) On October 29, 2020 in an reply to his email Mr. Sdao stated he is the HR officer regarding Plaintiffs complaints (G) Mr. Abolaji reported to defendants that Mr. Jacobsen and other baseball coaches continued to harass him and in direct results of harassment Plaintiff began experiencing panic attacks at work and requested ADA. (H) Mr. Abolaji reported racial harassment he was receiving at Williams field to defendants verbally and also by txt message. (I) Mr. Abolaji reported to defendants that the word "Nigger" was graffitied on his property. (J) On March 1, 2021 Plaintiff captured on his cell phone, video of Mr. Sdao threatening and attempting to assault Mr. Abolaji. (K) In December of 2020 and March of 2021 defendants provided Mr. Abolaji with false financial records. (L) In txt message Mr. Reed states that Mr. Jacobsen was a "racist" and a "Proud boy". (M) An Impact Sport director (Kari Mullen) by txt message informed Plaintiff that Mr. Jacobsen was a "racist" and also she reported to defendants that "there is absolutely no reason Chad (Mr. Jacobsen) should ever be able to come into the facility and the leadership at the sports stable needs to do right, take action, and get rid of him."; (N) Mr. Reed informed Plaintiff that Mr.

Sdao, Mr. Robinson and Mr. Perry are going to fire him for making complaints against harassment that he was receiving. (O) Mr. Reed in txt notified the plaintiff to keep working through the racial discrimination "Yes I am white. But that little white hick from fruita has a story too. This is way bigger than just you and I, way bigger than soccer. But we have been given the platform of sports to invoke this change. We get to help shape the future of this community through the kids. Show them the path to equality and social justice through sports. This is my calling and I believe it is yours too. Don't give up on me, don't let them chase you out of town. I will have you back no matter what just as long as you don't quit!!"; (P) Plaintiff recorded on his cell phone defendants providing false financial statements in members' meetings. (Q) Plaintiff received over 40 eye witness statements supporting his claims. (R) Defendants did not investigate Plaintiffs complaints in 2020 and it wasn't until plaintiff began the process of filing charges in 2021 defendants than brought in an investigator. (S) Defendants deliberately falsified financial records. (T) Defendants fired Mr. Abolaji for his complaints. (U) Defendants fully participated in acquiring a NWSL and USL franchise. (V) Mr. Sado himself harassed and threatened Mr. Abolaji. (W) Mr. Sado stated he was Human Resource officer for Roughrider Sport club. (X) Mr. Abolaji requested ADA and no ADA was provided for him. (Y) On March 10, 2021 Mr. Taylor knowingly and falsely stated Mr. Abolaji owed a balance of $98,428.67 and could no longer utilize the Sportstable. (Z) Defendants knew their actions would cause plaintiff harm and damage his reputation.

**Conclusion**

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. "Motions to strike are disfavored and are not granted 'unless clearly warranted.'" *Woodman v. Bravo Brio Rest. Grp., Inc.*, No. 6:14-CV-2025-ORL-40, 2015 WL 1836941, at *1 (M.D. Fla. Apr. 21, 2015), citing *Brown v. Joiner Int'l, Inc.,* 523 F.Supp. 333, 336 (S.D.Ga.1981) (citation removed). "Unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties," a motion to strike will not prevail. *Id., citing Augustus v. Board of Public Instruction of Escambia County,* 306 F.2d 862, 868 (5th Cir.1962). "Absent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations 'to merely polish the pleadings.'" *Id., citing Duramed Pharmaceuticals, Inc. v.*

*Watson Laboratories, Inc.,* No. 3:08–CV–00116–LRH–RAM, 2008 WL 5232908, at \*4 (D.Nev. Dec.12, 2008); *see also Michael v. Clark Equipment Co.*, 380 F.2d 351, 352 (2d Cir.1967). As seen in Exhibits 1-28 that Mr. Abolaji has provided, it clearly shows a set of facts consistent with his allegations and claims. Therefore Plaintiff humbly requests the court deny the motion to dismiss.

    DATED: March 22, 2024

Respectfully submitted,



Oluwanisola Abolaji

524 Hawthorn Cir Frederick Co, 8053 Tel: (720) 245-097