IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-02453-GPG-STV

OLUWANISOLA ABOLAJI,

     Plaintiff,

v.

IMPACT SPORTS PERFORMANCE LLC, et al.,

     Defendants.

_____

## NRFA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
_____

NRFA Defendants,[1] through counsel, reply in support of their Motion to Dismiss (Doc. 82, "Motion"), as follows:

### I.    INTRODUCTION

Mr. Abolaji's response to NRFA Defendants' Motion to Dismiss merely reiterates the timeline of events he complains of in the operative complaint. *See generally* Plaintiffs' [sic] Response to NRFA Defendants' Motion to Dismiss (Doc. 102, "Response"). NFRA Defendants identified deficiencies in the Second Amended Complaint – threshold legal requirements Mr. Abolaji cannot meet to state his claims and the absence of well-pled facts to support his various theories – that cannot be ignored and Mr. Abolaji's refusal to address these issues is dispositive. Even if the

---

[1] "NRFA Defendants" are Defendants Impact Sports Performance LLC; Nisola-Roughriders Futbol Academy d/b/a NRFA Riders, d/b/a Roughriders Sports Club, LLC, d/b/a Superior RoughRiders, LLC, d/b/a Roughriders Soccer-Colorado, LLC, d/b/a Colorado RoughRiders, LLC, d/b/a RoughRiders Properties, LLC, d/b/a Roughrider Holdings, LLC; Tony Sdao; Michael Perry; and Derek Robinson.

1

Court addresses the sufficiency of the operative complaint, Mr. Abolaji fares no better: He offers no explanation for why he can maintain his various federal law claims despite the absence of critical factual allegations. Mr. Abolaji's claims against the NFRA Defendants, even liberally construed, should be dismissed.

## II.    REPLY ARGUMENT

### A.    Failure to Exhaust and Improper Defendants

Mr. Abolaji has not alleged that he exhausted administrative remedies for any of the incidents described in the Second Amended Complaint. [Motion at 3-4, *citing Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) *and Crist v. Denver Post DP Media Network LLC*, No. 23-cv-01551-NRN, 2023 WL 8831331, at *3 (D. Colo. Dec. 21, 2023).] The Response does not mention exhaustion and makes no attempt to address these arguments and authorities. The Tenth Circuit very recently reaffirmed that even in a *pro se* case "when an employer properly raises a failure to exhaust, the court 'must enforce' the requirement." *Ritchhart v. DeJoy*, No. 23-4078, 2024 WL 1298464, at *3 (10th Cir. Mar. 27, 2024) (quoting *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). Mr. Abolaji's failure to plead administrative exhaustion requires dismissal of the First, Second, and Fourth claims for relief.

NRFA Defendants also identified that – as a matter of law – Mr. Abolaji's discrimination claims cannot be brought against individual defendants; such claims may only be asserted only against an entity. [Motion at 4-5.] The failure to address this argument or the cited authorities and the fact that Mr. Abolaji does not distinguish between the corporate and individual defendants is fatal to those claims. "When an

argument upon a motion to dismiss that claim is subject to dismissal, and the nonmoving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." *Schone v. Sodexo, Inc.*, No. 19-cv-02283-SKC, 2021 WL 915937, at *3 (D. Colo. Mar. 10, 2021)) (citation omitted) (dismissing and deeming pro se plaintiff to have abandoned claims she offered no argument in support of in response to motion to dismiss); *see Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."); *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue). For this reason too, Mr. Sdao, Mr. Perry, and Mr. Robinson (all named as defendants in their individual capacities only) are entitled to dismissal of the claims against them.

**B.    Failure to State a Viable Claim of Discrimination**

The Second Amended Complaint is unclear as to whether Mr. Abolaji's theory of relief (as outlined his First and Second Claims) alleges a hostile work environment, harassment, retaliation, aiding-and-abetting racial discrimination, or some combination of these. [Motion at 6, *citing* Complaint at ¶¶ 105-123.] The Response does nothing to clarify this uncertainty. Nor does it address any of the specific arguments set forth in the Motion:

- Mr. Abolaji has not alleged severe and pervasive discrimination, as required for a hostile work environment or harassment claim (Motion at 7-9, (citing, *inter alia*, *Chavez v. New Mexico*, 397 F.3d 826 (10th Cir. 2005) and *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355 (10th Cir. 1997));

- Mr. Abolaji has not demonstrated that the alleged incidents altered the term, condition, or privilege of his employment (*id.* at 9 (citing, *inter alia*, *EEOC v. JBS USA, LLC*, 481 F. Supp. 3d 1204 (D. Colo. 2020));

- Mr. Abolaji generally pleads conclusions, not facts, regarding the required elements of a retaliation claim (i.e., the dates of any protected activity or the adverse employment action, or the identity of the decision-makers and what knowledge those decision-makers possessed) (*id.* at 10-11 (citing, *inter alia*, *Lindsay v. Denver Pub. Sch.*, 88 F.4th 1323 (10th Cir. 2023));

- Mr. Abolaji's allegations of financial disagreements with his business partner, Mr. Sdao (again, Mr. Abolaji alleges he owned a 49% share in NFRA), undercut his conclusory allegations that protected activity was the but-for cause of his separation (*id.* at 11);

- Mr. Abolaji's "aiding and abetting" allegations do not identify who abetted what conduct, how that conduct violated his rights, or which rights were violated. Further, an individual employee of a corporation cannot "aid and abet" the corporation when acting in the scope of employment (*id.* at 12-13 (citing, *inter alia*, *Williams v. City of Arvada*, No. 21-cv-02236-NYW, 2023 WL 2042246 (D. Colo. Feb. 16, 2023) and *Clay v. Lares*, No. 22-cv-02657-LTB-GPG, 2023 WL 9170323 (D. Colo. Mar. 13, 2023));

- Mr. Abolaji does not state an ADA claim because he does not identify what accommodations he required; what he requested; when he made the requests or to whom; that he was unable to perform his job functions; or even that he was terminated because of a disability. [*Id.* at 14-15 (citing, *inter alia*, *Federspill v. Denver Pub. Sch.*, No. 17-cv-01480-WJM-STV, 2018 WL 6051335 (D. Colo. Sept. 12, 2018).]

Indeed, the Response contains no discussion of Mr. Abolaji's claims for relief and makes no attempt to support them in the face of these specifically enumerated flaws. As discussed above, this is tantamount to a waiver or abandonment of the claims. *Schone*, 2021 WL 915937, at *3.

Instead, Mr. Abolaji merely summarizes and restates the allegations contained in his Complaint. [Response at 2-3.] Portions of this factual recitation differ from the facts alleged in the Complaint or are additional new "facts" not included in the Complaint.

[*See, e.g.,* Response at 2 (allegation "M" regarding text messages from a non-party "Impact Sport director").] But it is axiomatic that a complaint may not be supplemented in a response to a motion to dismiss. *Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003) ("plaintiff may not rely on the allegations in his reply brief to supplement his complaint.").

Mr. Abolaji purports to rely on "Exhibits 1-28" submitted with his Response to substantiate his claims.[2] [Response at 2.] But other than documents attached to the complaint itself, or subject to judicial notice, "[t]he Court is not permitted to consider factual allegations outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6)." *Sallis v. Oil Capital Elec., LLC*, 2010 WL 3789534, at *4 (N.D. Okla. Sept. 23, 2010) (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006)); *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone. ... There are exceptions to this restriction on what the court can consider, but they are quite limited."); *Kearney v. Dimanna*, 195 F. App'x 717, 721 n.2 (10th Cir. 2006) ("It is well-established ... that in determining whether to grant a motion to dismiss, the district court ... [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

Thus, the Court should disregard "Exhibits 1-28" and any newly alleged facts contained in the Response, and determine the Motion based only on the allegations in

---

[2] Mr. Abolaji submitted these materials to the Court on two separate flash drives. *See* Notices of Conventionally Filed Materials, March 21, 2023 (Docs. 98 and 99). After lengthy conferral, Mr. Abolaji circulated copies of several documents and multimedia files on the evening of March 29, 2024. It is unclear whether this collection of documents and recordings is the same as what he filed with the Court or if the Defendants have yet received a complete set of the submitted materials.

the operative complaint. *Erikson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014) (affirming district court's refusal to consider materials attached to *pro se* plaintiff's response to motion to dismiss).

Even if the Court could consider all the facts and exhibits, they would not rescue Mr. Abolaji's claims. He does not attempt to connect his factual allegations to any specific claim or theory or use them to develop an argument responding to any of the issues identified in the Motion. NRFA Defendants' arguments in favor of dismissal remain unrebutted.

## C.    Dismissal of State Law Claims

Mr. Abolaji offers no response to the argument that if all the federal law claims are dismissed, the Court should not exercise supplemental jurisdiction over his state law theories. [Motion at 15.] As outlined in the Motion (as well as the other defendants' motions to dismiss filed in this case) and above, Mr. Abolaji has not pled plausible claims under federal law. Should the Court dismiss these claims, as pled against all the defendants, it should heed the Tenth Circuit's instruction and decline to exercise supplemental jurisdiction over that remaining claim.

WHEREFORE, for the reasons set forth above and in their Motion, NRFA Defendants respectfully request that the Court dismiss Mr. Abolaji's First, Second, and Fourth Claims against them with prejudice and dismiss his Fifth Claim asserting a collection of state law theories of recovery without prejudice.

Dated this 5th day of April 2024.

6

Respectfully submitted,


*s/ David J. Goldfarb*
**David J. Goldfarb**
Kathleen T. Alt
Geoffrey C. Klingsporn
Mishal Byrnes
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO  80302
Telephone: (303) 402-1600
FAX: (303) 402-1601
E-mail:  djg@bhgrlaw.com; kta@bhgrlaw.com;
geoff.klingsporn@bhgrlaw.com;
mishal.byrnes@bhgrlaw.com
*Attorneys for NFRA Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April 2024, a true and correct copy of the foregoing **NRFA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** was filed via the ECF system, and served on the parties as noted below:

*Via Email and U.S. First Class Mail*
Oluwanisola Abolaji
524 Hawthorn Circle
Frederick, CO 80530
Email: sola@nfa-fk.com
*Pro Se Plaintiff*

*Via ECF Filing System*
Heather Voegele Anson, Esq.
Voegel Anson Law, LLC
3516 N. 163rd Plaza
Omaha, NE 68116
Email: hovegele@v-law.com
*Attorneys for Luke Taylor*

*Via ECF Filing System*
Pascale Henn, Esq.
Business Law Advisors LLC
8700 Monrovia #310
Lenexa, KS 66215
Email: phenn@phbusinesslaw.com
*Attorneys for Luke Taylor*

*Via ECF Filing System*
Michael C. Wathen, Esq.
Ray Lego & Associates
10825 E. Geddes Ave., Suite 100
Centennial, CO 80112
Email: mwathen@travelers.com
*Attorneys for Town of Superior*

*Via ECF Filing System*
Michael W. Schreiner, Esq.
Anne L. Stuller, Esq.
Douglas A. Stevens, Esq.
Caplan and Earnest LLC
3107 Iris Ave., Suite 100
Boulder, CO 80301
Email: mschreiner@celaw.com
Email: astuller@celaw.com
Email: dsteven@celaw.com
*Attorneys for Rylan Reed and Chad Jacobsen*

*/s/ Jill Weberg*
Jill Weberg
jlw@bhgrlaw.com