IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02453-GPG-TPO


OLUWANISOLA ABOLAJI,

      Plaintiff,

v.

ROUGHRIDERS LLC,


      Defendant.

---

## SCHEDULING ORDER[1]

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 26(f)f Scheduling/Planning Conference took place on December 17, 2025, at 11:00 a.m. in Courtroom C-402, on the fourth floor of the Byron G. Rogers United States Courthouse before U.S. Magistrate Judge Timothy P. O'Hara. Present at the conference were the following:

| Plaintiff, *pro se*: | Counsel for Defendant RoughRiders LLC: |
|---|---|
| **Oluwanisola Abolaji** (in- person) <br> 524 Hawthorn Circle <br> Frederick Circle, CO 80530 <br> 720-245-0971 | **Sonia R. Anderson** (in-person) <br> **David J. Goldfarb** (in-person) <br> BERG HILL GREENLEAF RUSCITTI, LLP <br> 1712 Pearl Street <br> Boulder, CO 80302 <br> Telephone: (303) 402-1600 <br> E-mail: sonia.anderson@bhgrlaw.com <br>       djg@bhgrlaw.com |

---

[1] Because the Parties separately filed Proposed Scheduling Orders, the Court has consolidated the Parties' respective positions from ECFs 191 and 192 and from their representations made on the record at the Scheduling Conference.

## 2. STATEMENT OF JURISDICTION

Plaintiff asserts jurisdiction under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and 28 U.S.C. §§ 1331 and 1343.  Venue is proper because the alleged conduct occurred in Colorado and Defendant conducts business in this District.  Plaintiff further notes that § 1981 claims do not require administrative exhaustion and are fully supported by the allegations in the operative complaint. Plaintiff asserts he timely filed a charge with the EEOC (Charge No. 541-2021-01536) and received a Notice of Right to Sue on August 1, 2023. Plaintiff filed this lawsuit within 90 days of receipt of that notice. Accordingly, all administrative prerequisites to suit under Title VII have been satisfied.

Defendant does not contest federal-question jurisdiction or jurisdiction, but denies liability.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff's Position[2]

- **Race discrimination, harassment, and hostile work environment** in violation of Title VII and 42 U.S.C. § 1981;
- **Retaliation** after reporting discrimination;
- **Breach of fiduciary duty** based on Plaintiff's 49% ownership interest in NRFA and RoughRiders-affiliated entities;
- **Fraud and misrepresentation** concerning payroll, PPP loan allocation, and financial disclosures;
- **Wrongful termination** and removal from his ownership and director role without cause;
- **Lost business opportunity damages**, including NWSL/USL professional franchise opportunities;
- **Conversion** and withholding of Plaintiff's contracts and business records;
- **Intentional infliction of emotional distress**;
- **Punitive damages**, attorneys' fees, and costs.

**Plaintiff alleges that he served as** Director of Soccer for the RoughRiders-

---

[2] At the Scheduling Conference, Plaintiff was advised that the Court would adopt his Statement of Claims as provided in ECF 192 to preserve his position. However, the Court reminded Plaintiff that he included claims that have not been pleaded, and this **does not** amend the operative complaint by adding any factual allegations or raising any new claims. Any amendments to pleadings must be sought by Motion in compliance with Fed. R. Civ. P. 15(a) and D.C.COLO.LCivR 15.1.

affiliated soccer program from approximately January 2020 through April 2021, contributed substantial unpaid labor and leadership, participated in business development activities, including strategic facility

planning with Town of Superior officials and national soccer leaders, and exercised ownership responsibilities consistent with his 49% membership interest.

Plaintiff alleges he was subjected to racial harassment by staff, parents, and others; that complaints were ignored or retaliated against; that internal decision-makers including Tony Sdao, Derek Robinson, Michael Perry, and Rylan Reed coordinated to remove him after he opposed discriminatory conduct; and that Defendants manipulated financial documents, PPP loan records, and payroll to conceal misuse of funds and justify terminating Plaintiff.

Plaintiff also seeks damages for significant reputational harm and loss of future earnings resulting from Defendants' actions.

Defendant's Position:  RoughRiders LLC denies the substantive allegations in the operative complaint.  Abolaji was never a RoughRiders employee – he owned a 49% ownership interest in Nisola-RoughRiders Futbol Academy LLC and acted as the program's Director of Soccer.  While the NRFA enjoyed some initial success, the COVID-19 pandemic, especially the overwhelming uncertainty that gripped much of American life in the summer and fall of 2020, wrecked havoc on the NRFA's operations and finances.  During this time, Abolaji's relationship with RoughRiders' sports programs, all of which operated out of the Sport Stable in Superior, Colorado, deteriorated Abolaji was involved in a physical altercation with a baseball coach and reported instances of racial discrimination.  Each report was investigated and taken seriously, despite Abolaji's unwillingness to cooperate.  Nonetheless, by December 2020, the NRFA continued to fail financially. And by the spring of 2021 business partners in the NRFA were forced to make a series of decisions based on lack of funds and failure to develop a comprehensive plan with Abolaji for the NRFA's funding.  NRFA staff and Abolaji were furloughed.  Abolaji now claims that these business decisions were discriminatory in nature.  They were not.  Instead, decisions were made for legitimate business reasons.  And as a result, RoughRiders denies all liability, denies that it

3

ever employed Abolaji, and asserts that all actions taken were lawful and for legitimate business reasons. RoughRiders further disputes Abolaji's allegations regarding joint employment, ownership structure, financial control, and the existence or amount of damages.

### 4. UNDISPUTED FACTS

1. Plaintiff held a 49% ownership interest in Nisola-RoughRiders Futbol Academy LLC.

2. RoughRiders LLC and Impact Sports Performance operated programs out of the Sport Stable facility in Superior, Colorado.

### 5. COMPUTATION OF DAMAGES

**<u>Plaintiff's Position</u>:**

Plaintiff seeks a total of $25,000,000 in damages. Plaintiff's computation is based on currently available information and will be supplemented following production of Defendant's financial records, payroll data, bank statements, PPP loan documentation, and internal corporate materials.

Damages are preliminarily computed as follows:
1. Lost Wages, Lost Benefits, and Lost Contractual Compensation - $500,000

This includes compensation Plaintiff would have earned as Director of Soccer, program revenue share, coaching income, and related employment benefits from January 2020 through the present, including the period of career disruption caused by alleged discrimination and retaliation.

2. Loss of Equity, Profit Share, and Business Opportunity - $12,500,000 This category reflects:
- Plaintiff's 49% ownership interest in NRFA
- Lost profits, revenue streams, and club valuation
- The destroyed opportunity to complete a youth-to-pro soccer pipeline
- The lost opportunity to secure NWSL and USL franchise acquisition and expansion rights
- Loss of facility access and associated economic value

This figure represents direct economic loss, future expected business income, and lost valuation that Plaintiff reasonably anticipated based on his role, responsibilities, business development efforts, and ongoing franchise negotiations.

3. Emotional Distress, Harm to Reputation, and Loss of Professional Standing - $5,000,000

This includes:

- Mental anguish and emotional injury associated with racially hostile incidents
- Retaliation and professional exclusion
- Damage to Plaintiff's reputation in the Colorado, national and global soccer community
- Lost coaching and leadership opportunities
- Long-term impact on Plaintiff's coaching, business, and professional trajectory

4. Punitive Damages - $7,000,000

This reflects Plaintiff's claim that Defendants engaged in conduct that was:
- willful
- malicious
- fraudulent
- reckless
- discriminatory
- retaliatory
- and performed with disregard for Plaintiff's federally protected rights

Punitive damages are warranted under 42 U.S.C. § 1981 for intentional discrimination and retaliation.

5. Reservation of Rights

Plaintiff reserves the right to amend and refine this computation once Defendants produce:

- payroll and HR records
- financial statements
- PPP loan documentation
- bank statements
- internal communications
- ownership/valuation documents
- email and text records
- franchise and business development materials

Such materials are necessary for a complete and accurate calculation of economic losses.

**Defendant's Position**:  RoughRiders does not seek any damages, but it reserves the right to seek any and all damages, to and including attorney fees, to which it may be entitled.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting:** The Fed. R. Civ. 26(f) meeting was held on October 30, 2025.

b.  **Participants:**
  a.  Plaintiff, *pro se*
  b.  Sonia R. Anderson for Defendant

c.  **Rule 26(a)(1) Disclosures were made:** The Parties exchanged disclosures on or before December 8, 2025.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):** None

e.  **Statement concerning any agreements to conduct Informal Discovery:**
  a.  Plaintiff's Position: Plaintiff discussed avoiding duplicate production across this and the related fraud action (1:25-cv-02976-RTG).
  b.  Defendant's Position: Defense will not agree because the Court in the above-referenced case has ordered Abolaji to show cause as to why the case should not be dismissed as duplicative of the instant case. Should Abolaji's new case proceed, Roughriders may seek consolidation.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:** The Parties agree to cooperate in good faith in order to reduce litigation costs and expedite resolution. All documents will be bates-labelled.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**
  The Parties do not currently anticipate that their claims or defenses will involve extensive electronically stored information.

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** Plaintiff has made preliminary settlement offers to the Defendant.  The parties submitted a joint motion to the Court to refer this matter for a Court-facilitated settlement conference.  Dkt. No. 189.

i.

**COURT**: The Parties have requested a Settlement Conference with the undersigned. The Court will coordinate with the Parties to reserve a date, and a separate order will be issued to set the Settlement Conference and to provide further instructions.

## 7. CONSENT

The parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Plaintiff's Position:**

Plaintiff anticipates that modest expansion of discovery limits may be necessary due to the number of individuals involved in the events at issue- including executives, managers, coaches, financial personnel, and third-party witnesses with direct knowledge of discrimination, retaliation, ownership matters, and financial irregularities.

Plaintiff anticipates needing **up to 12 depositions**, including key individuals such as Tony Sdao, Derek Robinson, Michael Perry, Rylan Reed, and third-party witnesses to discriminatory and retaliatory conduct. This exceeds the presumptive 10-deposition limit under Rule 30(a)(2)(A)(i). The expansion is proportional to the needs of the case under Rule 26(b)(1), given:

1. The complexity of issues involving employment discrimination, ownership disputes, PPP loan documentation, and internal corporate governance;
2. The number of actors involved in the hostile work environment and termination events;
3. The necessity of obtaining testimony from financial personnel regarding payroll, PPP funds, and accounting records; and
4. The centrality of credibility determinations to resolution of the claims.

Plaintiff does not presently seek expansion of interrogatory limits but reserves the right to request modification should it become necessary after reviewing Defendant's document production.

**Defendant's position:** Each party shall be limited to ten (10) depositions, exclusive of experts.

**COURT**: Each side shall be limited to ten (10) depositions, inclusive of Parties and exclusive of experts. Each side shall be limited to twenty-five (25) interrogatories.

b. **Limitations which any party proposes to the length of depositions.**

- All depositions shall be limited to 7-hours of on-record time.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

- Each party shall be limited to a collective total of twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-five (25) requests for admission

d. **Deadline to serve Interrogatories, Requests for Production of Documents and/or Admissions.** 45 days before the close of fact discovery, i.e., by **September 14, 2026**.

e. **Other Planning or Discovery Orders.**

Plaintiff's Position:

- Plaintiff requests that the parties confer and submit a **proposed Protective Order** within 21 days of the Scheduling Conference, to allow exchange of sensitive financial and personnel materials.
- Plaintiff requests that the Court permit the use of **electronically recorded depositions**
- where necessary due to cost considerations.
- Plaintiff requests that motions to compel be filed within **14 days** after conferral unless good cause is shown for additional time.
- Plaintiff requests that Defendant produce all payroll, PPP loan, accounting, ownership, and internal reporting documents **within the first 30 days of discovery**, given their centrality to damages and the need to avoid delay.

- Defendant's Position: RoughRiders will timely object to any subpoenas if and when Abolaji pursues this avenue of discovery.

**COURT**:

(1)    The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion regarding a discovery dispute, the Parties first shall confer on the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *O'Hara_Chambers@cod.uscourts.gov*. The email should summarize the nature of the dispute and describe the conferral efforts to resolve the matter before seeking judicial intervention. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite discovery conference for discovery that concerns a third party.

(2)    The Court requires that all conferral attempts be meaningful. A meaningful conferral is done personally: face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also occurs in a reasonable timeframe before any relevant deadline.

(3)    Should the Parties file a Motion for Protective Order, they shall comply with Section V(5) the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

January 15, 2026

b. **Discovery Cut-off:**

Plaintiff's Position:  September 17, 2026.

Defendant's Position:  October 30, 2026.

**COURT**: October 30, 2026

c. **Dispositive Motion Deadline:**

Plaintiff: November 1, 2026.

Defendant: December 4, 2026. (To avoid the Thanksgiving holiday).

**COURT**: December 4, 2026

d. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff's Position:

- **Forensic accounting** (PPP loans, payroll, ownership valuation, and financial irregularities).
- **Business valuation** (lost NWSL/USL franchise opportunity and loss of 49% ownership stake).
- **Human resources / employment practices** (Title VII and racial discrimination workplace standards).
- **Psychological/emotional distress** (impact of discrimination, retaliation, and career harm).
- **Sports industry economics** (valuation of professional soccer pathways, career-track damages).

Defendant's Position:  RoughRiders, LLC anticipates the need for: (i) a medical expert

in the field of psychology/psychiatry; (ii) an expert in the field of economics; and (iii)

human resource standards.

2.  **Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiff's Position:
Given the complexity of the financial, employment, and reputational issues, Plaintiff does **not** agree to limit experts beyond what the Federal Rules already provide. Plaintiff anticipates needing **one expert per discipline** identified above and reserves the right to add additional experts should discovery reveal additional areas requiring specialized testimony.

Defendant's Position: No more than three (3) experts per side.

**COURT**: The Parties shall be limited to three (3) experts per side.

3.  **The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before**:

    - Plaintiff's Position: Plaintiff's expert disclosure due May 15, 2026 and Defendant's expert disclosure due June 15, 2026.

    - Defendant's Position:  Plaintiff's expert disclosures due June 30, 2026 and Defendant's expert disclosures due July 31, 2026

    **COURT**: The Parties shall designate all affirmative experts **on or before June 15, 2026.**

4.  **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

    - Plaintiff's Position: July 1, 2026

    - Defendant's Position: August 31, 2026.

11

**COURT**: The Parties shall designate rebuttal experts **on or before July 31, 2026.**

e.  **Identification of Persons to be Deposed:**

Plaintiff:

| Name of Deponent | Expected Length of Deposition |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

Defendant: The following is a preliminary, non-exhaustive list of potential deponents:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff | 7 hours |
| Plaintiff's expert(s) | 7 hours |
| Oti Laki | 7 hours |
| Veronica Spence | 7 hours |
| Quinn Liebmann | 7 hours |
| Hope Ubel | 7 hours |
| Megan Fish | 7 hours |
| Temo Gonzales | 7 hours |
| Courtney Wilcox | 7 hours |

| Chase McBride | 7 hours |
|---|---|
| Any witness called by Plaintiff or disclosed by Plaintiff in Plaintiff's disclosures. | 7 hours |
| Any additional fact or scene witness identified in discovery. | 7 hours |

## 10. DATES FOR FUTHER CONFERENCES

a. No further conference is set at this time, but the Court will conduct a Settlement Conference

at a date to be determined.

b. If no summary judgment motions are filed, the Parties shall contact District Judge Gallagher's Chambers jointly **via email** (Gallagher_Chambers@cod.uscourts.gov) within **ten days** after the dispositive motions deadline to set a Final Pretrial Conference. *See* Section III.A. of District Judge Gallagher's <u>Standing Order Regarding Pretrial and Trial Procedures – CIVIL</u>. If dispositive motions are filed, the Parties shall contact his Chambers jointly via email within **thirty days** after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference. *Id*. At least fourteen days before the scheduled date of the Final Pretrial Conference, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order. *Id*. It is the responsibility of Plaintiff's counsel (but if Plaintiff is pro se, it shall be Defendant's counsel's responsibility) to schedule meetings and then file and submit the proposed Final Pretrial Order. *Id*. If the Parties agree, Plaintiff may delegate responsibility for filing and submission to Defendant. *Id*. Unless otherwise ordered, the Parties shall submit their proposed Final Pretrial Order **no later than seven days before the date of the Final Pretrial Conference.** *Id*. The proposed Final Pretrial Order should be filed on the CM/ECF case docket sheet and an editable (Word) format version emailed directly to his Chambers. *Id*.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good**

**faith effort, were unable to reach an agreement.** Plaintiff's position: Plaintiff requests

that the parties coordinate overlapping discovery with the related fraud case (1:25-cv-02976-RTG) to avoid duplicate production.  Cross-use of documents will be addressed under a protective order. Expert Discovery Cut-off, July 31, 2026.

Defendant's position: Roughriders will not to coordinate overlapping discovery because the Court in the above-referenced case has ordered Mr. Abolaji to show cause as to why the case should not be dismissed as duplicative of the instant case. If necessary, RoughRiders may seek to consolidate these cases. **Anticipated length of trial and whether trial is to the court or jury**.  The Parties anticipate a five day jury trial.

b. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.** None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

14

15

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 18th day of December, 2025.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge